IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DAVID PACK,<br>　　　　Petitioner,<br>　vs.<br>TOM L. CAREY, et al.,<br>　　　　Respondents. | Case No. CIV S-02-1129 (JKS)<br><br>O R D E R |

　　　　Petitioner Ronald David Pack moves for a certificate of appealability related to this Court's dismissal of his petition for habeas corpus. Docket No. 19. By order dated October 5, 2004, the Court denied Pack's first, third, and fourth claims. Docket No. 12. However, it delayed entry of judgment on those claims until the parties had a chance to further brief issues related to Pack's second claim for relief. After the parties submitted their supplemental briefing, the Court granted relief as at Pack's second claim and entered judgment as to his first, third, and fourth claims. Docket No. 16 (Order); 17 (Jgmt). With regard to the second claim, the Court vacated Pack's firearms conviction unless the State elected to file a new charging document and retry Pack within ninety days.

　　　　Pack now requests a certificate of appealability to address the first issue in his petition, i.e., whether his appellate counsel was ineffective for failing to challenge on direct appeal the trial court's failure to sever two of the charges against him. Docket No. 19 at 2. The Court laid out its reasoning in some detail regarding this issue in its October 5 order. The Court specifically concluded that Pack could not show prejudice, negating his ineffective assistance of counsel argument. Docket No. 12 at 5–7. Further, the Court concluded that the trial court was acting within

1

its discretion and within the bounds of California law in denying the motion to sever. *Id*. at 7. Because Pack did not show how the applicable California law fell foul of the United States Constitution, he could not show he was entitled to relief. It was, and is, the Court's opinion that the issue was not a particularly close one. Accordingly, given that reasonable jurists could not differ on this issue, the Court will **DENY** a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003) (outlining certificate of appealability standard); *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (same). If Petitioner wishes to appeal this Order, he must obtain a certificate of appealability from a motions panel of the Ninth Circuit Court of Appeals. Ninth Circuit Rule 22-1(d). Petitioner is cautioned that he must file his motion for a certificate of appealability with the Ninth Circuit, along with a statement of reasons why a certificate should issue, within **thirty-five (35)** days of the entry of this Order. *Id*.

Dated at Anchorage, Alaska, this   3    day of May 2005.

         /s/ James K. Singleton, Jr.
         **JAMES K. SINGLETON, JR.**
         United States District Judge

ORDER